**Emilio Farina**
**35 Mahlon Court**
**Toms River, NJ 08753**
**Phone: (973) 699-0097**
**Email: EFarina@me.com**


**May 26, 2026**

**Re:   FARINA v. KML LAW GROUP, P.C. et al**
**      CIVIL DOCKET FOR CASE #: 3:26-cv-02145-RK-JBD**


**REPSONSE TO TEXT ORDER  DATED 05/13/2026 DOCKETED AT  11**

**Honorable Robert Kirsch, U.S.D.J.**
**United States District Court - District of New Jersey**
**Clarkson S. Fisher Building & U.S. Courthouse**
**402 East State Street; Courtroom 4E**
**Trenton, NJ 08608**

Dear Judge Kirsch,

This is a response to your order from May 13, 2026 docketed at 11 and after the hearing that took place on May 13, 2026 as well. To the extent that I am able, Plaintiff formally terminates the authority of Jones, Wolf & Kapasi, LLC to act, sign, or speak on his behalf. I am stating now to your honor that I will be proceeding pro se in this matter pursuant to 28 U.S.C. § 1654 but under protest and duress, as I did not ever want my attorney to abandon me, but understand he is now doing so. I am now asking for 60 days because my intent is to file an amended complaint and because I have sent out a notice pursuant to FRCP 11 that requires the Defendant to perform certain actions within 21 days which will dictate how I amend the complaint. (See Courtesy copy of Notice pursuant to Rule 11 attached). Further, I reserve the right to file other pleadings as well because of the clear material misrepresentations made to the court by the opposing side, and which my prior attorney is choosing not to pursue, against my wishes. The record must be corrected before any attorney is likely to come to my assistance at this time, as the record currently stands with the material misrepresentations present.

1

Plaintiff submits this statement to establish the factual record regarding the prejudice he has sustained in these proceedings. On Monday, May 11, 2026, during a status conference, former counsel informed Plaintiff that this Court threatened sanctions against counsel for his attempt to expose the Defendants' ongoing fraud and docket misrepresentations. This threat did not address the substance of the Defendants' violations, such as the fabrication of entities and the violations of the FDCPA; rather, it improperly focused on the unrelated issue of "payments," intimidating counsel into silence. Following this threat, counsel advised Plaintiff that he intended to abandon the representation to avoid sanctions, despite the clear evidence of bad faith presented by the Defendants.

Subsequently, on Wednesday, May 13, 2026, during a further status conference, this Court informed Plaintiff that it would be "difficult" to find counsel. This observation created a chilling effect on Plaintiff's ability to secure legal representation, as the "difficulty" mentioned is a direct product of the Defendants' multi-year pattern and practice of deception; a pattern imported from State Court proceedings into this Federal Tribunal. Plaintiff's counsel was effectively silenced, and Plaintiff has been left to navigate a federal docket that has been corrupted by the Defendants' fabrication of non-existent corporate entities and forged documents.

The Defendants' actions are not mere procedural errors or mistakes; they represent an intentional pattern and practice of fraud upon the Court and a clear scheme to deceivethe court, as evidenced by the Defendants' own contradictory filings. Plaintiff intends to demonstrate that the Defendants and their counsel at Husch Blackwell LLP have willfully deceived your honor, the Clerk's Office, and the Court's staff by falsely claiming and presenting to the court the existence of entities that have never existed, including one that was specifically manufactured for this case and has never existed anywhere else, specifically to deceive your honor.

Plaintiff serves this Notice to ensure the record reflects that he has been placed in an untenable position. This was performed by the Defendants' fraud on the court that has resulted in material misrepresentations being made to your honor that resulted in intimidation of my former counsel that resulted in his fleeing the case. Plaintiff reserves the right to present formal evidence of this pattern

of practice in subsequent filings.

I need the time to now proceed on my own and submit the pleadings that now need to be submitted, since I have been put in this prejudiced position for the reasons stated above. Your honor was actually correct, that as the docket stands, it would be "difficult" for someone else to step inm at this time, which is why I first must address the material misrepresentations that have been presented, they must be dealt with by the court so your honor's and the judicial system's integrity is protected.

I reserve all my rights.


Sincerely,


**/s/ EMILIO FARINA**
**EMILIO FARINA**
**35 MAHLON COURT**
**TOMS RIVER, NJ 08753**
**Phone: (973) 699-0097**
**Email: EFarina@me.com**

**Emilio Farina**
**35 Mahlon Court**
**Toms River, NJ 08753**
**Phone: (973) 699-0097**
**Email: EFarina@me.com**
**Date: May 26, 2026**

**May 26, 2026**

**Re:   FARINA v. KML LAW GROUP, P.C. et al**
**      CIVIL DOCKET FOR CASE #: 3:26-cv-02145-RK-JBD**


**NOTICE PURSUANT TO  FRCP 11**

**LAURA KATERI CONROY**
**HUSCH BLACKWELL LLP**
**Husch Blackwell LLP**
**1801 PENNSYLVANIA AVENUE, NW SUITE 1000**
**WASHINGTON, DC 20006**
**202-378-5382**
**Fax: 202-378-2319**
**Email: laura.conroy@huschblackwell.com**


Dear Mrs. Conroy,

This is a safe harbor letter pursuant to FRCP 11. I am formally demanding you take immediate action by withdrawing the following documents: **1) Notice of Removal (Docket #1), 2) Corporate Disclosure Statement (Docket #2) and the 3) "Application For Extension Of Time To Answer, Move Or Otherwise Respond To Plaintiff's Complaint Pursuant To Rule 6.1(b)" (Docket #3)** within the 21 day time frame set down by FRCP 11. I am demanding that you review and withdraw those documents because you committed numerous serious material misrepresentations to the court, and failing to withdraw those documents will result in me filing a Motion for Sanctions in accordance with FRCP 11, a motion to strike those offending documents and even amending the complaint to include you and your firm as additional defendants for these submissions.

1

In all three of those documents you improperly claim that the defendant is "improperly identified as". This is false and an intentional misrepresentation to try and attack the work product of my attorney. That defendant is the name of the "Plaintiff" that filed the Final Motion For Final Judgment and the other pleadings that this action was filed for. Your false claim that tit was "improperly identified" is actually you contradicting the pleadings that were submitted as it is the exact name in the caption of the Foreclosure case that was the predecessor of this action. As such, your false claim of the defendant being "improperly identified as" is either an admission against interest, or an admission of fabricated documents to defraud the court and us. There is no defendant in this case by the name "*The Bank of New York Mellon FKA The Bank Of New York, As Trustee For The Certificateholders Of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8*" any claims otherwise are attempts to mislead the court.

Additionally, in all three of those documents you improperly sign that you are the attorney for an entity ending in *"(CWBBS 2007-8)"*. In the *Notice of Removal*, "*Corporate Disclosure Statement*" and "*Application For Extension Of Time To Answer, Move Or Otherwise Respond To Plaintiff's Complaint Pursuant To Rule 6.1(b)*", you even referenced **another** entity, "*Attorney for Defendant The Bank of New York Mellon f/k/a The Bank **of New York of New York** as Trustee (CWBBS 2007-8)*". That is also a non-existent entity besides the first fabricated entity you reference. This is obviously improper because there is no party ending in "(CWBBS 2007-8)" nor is there an entity that has "***of New York of New York***" in the name. You have actual knowledge of this since you included the proper name in the header for each of your pleadings, the defendant is **The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee (CWMBS 2007-8)** and as part of the Notice of Removal, your exhibit even showed the proper name of the defendant **The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee (CWMBS 2007-**

2

**8)**. These lies show a pattern and practice of making material misrepresentations to the court and are egregious since you do it so many times, even on the same documents where the right party name is correctly stated in the header. You fabricated the "incorrectly identified" party by literally quoting our party name wrong, so you created two improper, false parties which is why the documents must be immediately withdrawn.

As such, I am demanding that these documents all be withdrawn to stop this pattern and practice of attempting to have the court rely on material misrepresentations. Failure to do so will result in a Motion for Sanctions in accordance with FRCP 11, a motion to strike those offending documents as previously stated and reserve the right to make you and your firm additional defendants because of the submission of these false documents and because of the additional damage they have now caused. You had an obligation as an officer of the court and duty to verify these documents prior to submitting them and you failed to do so seemingly knowingly, purposely, intentionally or willfully. As such, you must immediately withdraw all three documents.

*Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that:*

> (a) *Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.*
> (b) *By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*
>> (1) *it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
>> (2) *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
>> (3) *the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;*
>> ...

3

(c) *Sanctions.*

> (1) *In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.*
> *...*

*Fed. R. Civ. P. 11.*

Rule 11 of the Federal Rules of Civil Procedure is "*aimed at curbing abuses of the judicial system.*" *White v. Camden City*, 251 F. Supp. 2d 1242, 1248 (D.N.J.2003), aff'd 90 Fed. Appx. 437 (3d Cir. 2004). "*Sanctions are warranted when a reasonable inquiry would have disclosed that a claim or motion is patently unmeritorious or frivolous.*" *Id.* (quotation and citation omitted). Courts base decisions on whether to impose sanctions under Rule 11 on "*an objective standard of reasonableness under the circumstances.*" *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (quotation and citations omitted). *"An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.*" *Bensalem Twp. v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (quotation and citation omitted).

Thus, Rule 11 requires attorneys and their clients to "stop, think, investigate, and research" before filing papers with the court. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). Thus, sanctions should be imposed where a plaintiff and his attorney make an inaccurate factual assertion without first conducting the necessary background research. *Id. (imposing Rule 11 sanctions on plaintiff and his attorney where investigation prior to filing was "unreasonable").* Put simply, "*Rule 11 therefore is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation.*" *Napier v. Thirsty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1090-01 (3d Cir. 1988) (quotation and citation omitted).

4

Procedurally, Rule 11 contains a "safe harbor" provision allowing the offending party or attorney an opportunity to withdraw the pleading. *See Marenbach v. City of Margate*, 942 F.Supp. 2d 488, 496 (D.N.J. 2013). A Rule 11 violation is committed when a pleading is filed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Sanctions under Rule 11 can be imposed against attorneys and parties. *See Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 540-46 (1991); White, 251 F. Supp. 2d at 1248.

Finally, as stated a Motion for Rule 11 Sanctions, motion to strike and motion to amend the complaint to include you and your firm as additional clients, as well as any other relief deemed necessary, will be filed in the above-entitled matter if you fail to comply with the above. Nothing in this letter should act to limit our rights, and we reserve all our rights to pursue any and all matters against you and your clients.

Very truly yours,


**/s/ Emilio Farina**
**Emilio Farina**
**35 Mahlon Court**
**Toms River, NJ 08753**
**Phone: (973) 699-0097**
**Email: EFarina@me.com**

5

**IN THE UNITED STATES**
**DISTRICT COURT OF NEW JERSEY**

**CASE #: 3:26-cv-02145-RK-JBD**

**EMILIO FARINA**
v.
**KML LAW GROUP, P.C. et al.**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SANCTIONS PURSUANT TO RULE 11**

I.   <u>INTRODUCTION</u>

The Plaintiffs, Edith and Emilio Farina, respectfully moves for sanctions against Defendants and their counsel pursuant to Federal Rule of Civil Procedure 11. Federal courts have repeatedly found that terminating sanctions are appropriate when a party commits the cardinal sin of litigation since "fabricating evidence has been referred to as the most egregious misconduct which justifies a finding of fraud upon the Court." <u>Kenno v. Colorado's Governor's Off. of Info. Tech.</u>, 2021 WL 2682619, at *19 (D. Colo. June 30, 2021). The evidence submitted by the defendants shows a complete fraud on the court, and this is illustrated by the fact that the attempt to combine the alleged mortgage, alleged assignment of mortgage and alleged note, into "loan documents" as a brazen attempt to cover up their scheme. This is because, they can claim "loan documents" to hide the fact that there are no note rights transferred to any assignee defendant. This is one glaring example of the numerous frauds committed by the defendants and certified to in the numerous certifications submitted to the court that are completely unsupported by any factual evidence. This is clearly indisputable assignee fraud.

II.   <u>MATERIAL FACTS</u>

A notice pursuant to rule 11 has already been sent to the Defendant's attorneys where I

6

formally demanded they take immediate action by withdrawing the following documents: **1) Notice of Removal (Docket #1), 2) Corporate Disclosure Statement (Docket #2) and the 3) "Application For Extension Of Time To Answer, Move Or Otherwise Respond To Plaintiff's Complaint Pursuant To Rule 6.1(b)" (Docket #3)** within the 21 day time frame set down by FRCP 11. It has been 21 days since and the offending documents on the record have not been withdrawn.

I was demanding that thet review and withdraw those documents because they committed numerous serious material misrepresentations to the court, and failing to withdraw those documents resulted in me filing this Motion for Sanctions in accordance with FRCP 11 and I reserve my rights to pursue any other action deemed necessary.

In all three of those documents they improperly claim that the defendant is "improperly identified as". This is false and an intentional misrepresentation to try and attack the work product of my attorney. That defendant is the name of the "Plaintiff" that filed the Final Motion For Final Judgment and the other pleadings that this action was filed for. Their false claim that it was "improperly identified" is actually they contradicting the pleadings that were submitted as it is the exact name in the caption of the Foreclosure case that was the predecessor of this action. As such, Their false claim of the defendant being "improperly identified as" is either an admission against interest, or an admission of fabricated documents to defraud the court and us. There is no defendant in this case by the name "*The Bank of New York Mellon FKA The Bank Of New York, As Trustee For The Certificateholders Of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8*" any claims otherwise are attempts to mislead the court.

Additionally, in all three of those documents they improperly sign that they are the attorney for an entity ending in *"(CWBBS 2007-8)"*. In the *Notice of Removal*, "*Corporate Disclosure*

7

*Statement*" and "*Application For Extension Of Time To Answer, Move Or Otherwise Respond To Plaintiff's Complaint Pursuant To Rule 6.1(b)*", they even referenced **another** entity, "*Attorney for Defendant The Bank of New York Mellon f/k/a The Bank **of New York of New York** as Trustee (CWBBS 2007-8)*". That is also a non-existent entity besides the first fabricated entity they reference. This is obviously improper because there is no party ending in "(CWBBS 2007-8)" nor is there an entity that has "***of New York of New York***" in the name. They have actual knowledge of this since they included the proper name in the header for each of Their pleadings, the defendant is **The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee (CWMBS 2007-8)** and as part of the Notice of Removal,

Their exhibit even showed the proper name of the defendant **The Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee (CWMBS 2007-8)**. These lies show a pattern and practice of making material misrepresentations to the court and are egregious since they do it so many times, even on the same documents where the right party name is correctly stated in the header. They fabricated the "incorrectly identified" party by literally quoting our party name wrong, so they created two improper, false parties which is why the documents must be immediately withdrawn.

As such, I am demanding that since these documents were not withdrawn to stop this pattern and practice of attempting to have the court rely on material misrepresentations. I reserve the right to make the defendant Their firm additional defendants because of the submission of these false documents and because of the additional damage they have now caused. They had an obligation as an officer of the court and duty to verify these documents prior to submitting them and they failed to do so seemingly knowingly, purposely, intentionally or willfully.

8

III.    LEGAL ARGUMENT

All courts have the inherent authority to sanction a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, 501 U.S. 32, 33, 45-46 (1991). It is well recognized that any sanction short of dismissal with prejudice or entry of judgment against a party fails as sufficient punishment for reliance upon inauthentic, forged evidence. Id. [A] requirement for terminating sanctions is that the violations must be "due to willfulness, bad faith, or fault of the party." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The court in *Garcia* found "that the fabrications were prepared by the plaintiff willfully, knowingly, intentionally, after careful contemplation, for self-serving purposes, and with a full understanding of the impropriety involved." *Garcia v. Berkshire Life Ins. Co. of Am.*, 2007 WL 6757307, at *8 (D. Colo. Nov. 29, 2007). Another court found that: "Because Plaintiff himself drafted these false declarations and obtained signatures on them using trickery, the Court finds that Plaintiff knew the documents were falsified. Thus, the Court has no hesitation in finding that Plaintiff's actions were willful and made in bad faith." *Newman v. Brandon*, No. 1:10-CV-00687 AWI JL, 2012 WL 4933478, at *4 (E.D. Cal. Oct. 16, 2012).

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) By presenting to the court a pleading, written motion, or other paper—whether by

9

signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> …

Sanctions.

> (4) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
>
> …

Fed. R. Civ. P. 11.

Rule 11 of the Federal Rules of Civil Procedure is "aimed at curbing abuses of the judicial system." White v. Camden City, 251 F. Supp. 2d 1242, 1248 (D.N.J.2003), aff'd 90 Fed. Appx. 437 (3d Cir. 2004). "Sanctions are warranted when a reasonable inquiry would have disclosed that a claim or motion is patently unmeritorious or frivolous." Id. (quotation and citation omitted) (emphasis added). Courts base decisions on whether to impose sanctions under Rule 11 on "an objective standard of reasonableness under the circumstances." Martin v. Brown, 63 F.3d 1252,

10

1264 (3d Cir. 1995) (quotation and citations omitted). "An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Bensalem Twp. v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (quotation and citation omitted).

Thus, Rule 11 requires attorneys and their clients to "stop, think, investigate, and research" before filing papers with the court. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Thus, sanctions should be imposed where a plaintiff and his attorney make an inaccurate factual assertion without first conducting the necessary background research. Id. (imposing Rule 11 sanctions on plaintiff and his attorney where investigation prior to filing was "unreasonable"). Put simply, "Rule 11 therefore is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation." Napier v. Thirsty or More Unidentified Fed. Agents, 855 F.2d 1080, 1090-01 (3d Cir. 1988) (quotation and citation omitted) (emphasis added).

Procedurally, Rule 11 contains a "safe harbor" provision allowing the offending party or attorney an opportunity to withdraw the pleading. See Marenbach v. City of Margate, 942 F.Supp. 2d 488, 496 (D.N.J. 2013). A Rule 11 violation is committed when a pleading is filed. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Sanctions under Rule 11 can be imposed against attorneys and parties. See Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 540-46 (1991); White, 251 F. Supp. 2d at 1248.

Sanctions can be imposed under Fed. R. Civ. P. 11(b)(3) where factual contentions do not have evidentiary support or will likely not have evidentiary support after a reasonable opportunity for further investigation or discovery. Sanctions should be entered against Plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11(b)(3) because the factual contentions raised in the

11

complaints and motions were false. The key "factual" allegations from the supposed certifications submitted by defendants, have been debunked. As shown above in the Material Facts, we have that not once, but with **ten** different certifications submitted, that should now all be struck, and the Appellee's certifications all be removed from the record, and the Appellee's barred from presenting anything new to the Third Circuit.

It is was well-established that the term "misrepresentation" — one of the types of misconduct prohibited by RPC 8.4(c) — included statements made with reckless disregard for the truth. *In Re: Robert B. Surrick*, 338 F.3d 224 (3d Cir. 2003). *See, e.g., Berda v. CBS Inc.*, 881 F.2d 20, 27 (3d Cir. 1989) (noting that reckless statements are sufficient to maintain a claim for misrepresentation under Pennsylvania law); *Highmont Music Corp. v. J.M. Hoffmann Co.*, 397 Pa. 345, 155 A.2d 363, 366 (1959) (holding that " [a] material misrepresentation may be found whether [Defendant] actually knew the truth or not, especially where, as here, it was bound to ascertain the truth before making the representation."). Fabricating evidence has been referred to as the most egregious misconduct which justifies a finding of fraud upon the Court." *Kenno v. Colorado's Governor's Off. of Info. Tech.*, 2021 WL 2682619, at *19 (D. Colo. June 30, 2021).

"The submission of falsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation. The prejudiced party is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that … documents submitted by the opposing party are inaccurate." *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009). "The court explained that 'Not all frauds are detected[,] and [t]hey are not easy to detect[,]' and the "wrongdoer has no right to simply abandon the false evidence and to promise to be honest going forward." *Id.* (citing *Aptix Corp. v. Quickturn Design Sys.*, Inc., 2000 WL 852813 (N.D. Cal. 2000)); *see Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir.

12

1993).

Based on all the aforementioned facts, we are entitled to sanctions, given the numerous material misrepresentations shown above. Fraud does not want clarity and the documents submitted in this case embody that notion.

IV.    CONCLUSION

The doors of this court are now shut on further fraud being submitted in this case. Any attorney or party that signs anything further to endorse these frauds as discussed in this pleading implicate themselves in furtherance of the fraud. Because of the egregious actions taken here, BONYM and their attorneys and their agents should be blocked from submitting anything further on this matter besides clarifying why they submitted the extensive fraudulent  documents.

WHEREFORE, for the reasons specified in this Motion, the Plaintiff respectfully requests that this Court enter an order, among other things:

a)  Imposing monetary sanctions against BONYM and their attorneys and their agents in an amount sufficient to deter future misconduct;

b)  Requiring BONYM  and their attorneys and their agents to pay all costs and fees incurred by the Plaintiff in relation to this matter;

c)  Requiring Defendant and their counsel to certify, via affidavit, under penalty of perjury, that they performed proper due diligence for anything further submitted to the court and

d)  Granting any other relief that the Court deems just or equitable.

Respectfully submitted,

**/s/ Emilio Farina**
**Emilio Farina**
**35 Mahlon Court**

13

**Toms River, NJ 08753**
**Phone: (973) 699-0097**
**Email: EFarina@me.com**